IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| BILLY J. HOLSON,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>    Defendant. | CV-12-50-GF-SEH-RKS<br><br><br>**FINDINGS &**<br>**RECOMMENDATIONS** |

## I. SYNOPSIS

Billy Holson (Mr. Holson) contests the decision of the Administrative Law Judge (ALJ) on behalf of the Commissioner of Social Security (Commissioner), denying his application for disability benefits. The ALJ determined that Mr. Holson has performed substantial gainful activity since his alleged disability onset date, and that Mr. Holson remains capable of working. Substantial evidence supports that determination. Summary judgment should be granted in favor of the Commissioner.

## II. JURISDICTION

Jurisdiction vests under 42 U.S.C. § 405(g). The case was referred to the undersigned for the submission of proposed findings and recommendations by United States District Judge Sam E. Haddon on October 1, 2012. CD 12. Now ripe for disposition are Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment. CD 13, 19.

## III. STATUS

Mr. Holson requested Disability Insurance Benefits and Supplemental Security Income on December 1, 2008, alleging a disability onset date of September 1, 1993. Tr. at 142-155. His claims were denied. Tr. 94-96. He requested reconsideration, and the claims were again denied on October 9, 2009. Tr. 101-102. Mr. Holson timely requested a hearing on October 21, 2009. Tr. 103. A hearing with the ALJ was held September 21, 2010. Tr. 26-99.

The ALJ determined that Mr. Holson was not disabled in a decision issued February 2, 2010. Tr. 7-9. The Appeals Council denied review on May 15, 2012. Id. at 1-6. Mr. Holson filed a complaint challenging the Commissioner's decision, in accordance with 42 U.S.C. § 405(g), on July 11, 2012, CD 3.

## IV. STANDARD OF REVIEW

The Court may affirm, modify, or reverse the ALJ's decision with or without

a rehearing. 42 U.S.C. § 405(g). The ALJ's decision may be set aside only where the decision is not supported by substantial evidence or where the decision is based on legal error. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).

The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). While the Court may not substitute its findings for those of the Commissioner, Palmer v. Celebrezza, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

**Disability criteria**

A claimant is disabled for purposes of the Social Security Act if the claimant proves by a preponderance of the evidence that:

1. the claimant has a "medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and

2.  the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy."

Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000).

In determining whether a claimant is disabled, the ALJ follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the ALJ finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. Id. Those steps are:

1.  The claimant must show that he is not currently engaged in substantial gainful activity. Id.

2.  The claimant must demonstrate that he has a severe impairment. Id.

3.  The ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Id.

4.  If the claimant does not have a listed impairment, then the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. Id.

5.  If the claimant has made the prima facia case of disability, the burden shifts to the Commissioner to prove that the claimant can engage in other types of substantial gainful work existing in the national

economy given the claimant's age, education, work experience, and residual functional capacity. Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).

**ALJ's determination**

The ALJ determined that Mr. Holson <u>has</u> engaged in any substantial gainful activity since the alleged disability onset date, finding that Mr. Holson's work as a dishwasher for 35 to 38 hours per week constituted substantial gainful activity. Tr. 12. Despite that finding, the ALJ continued the analysis because Mr. Holson's representative argued that Mr. Holson would be unable to sustain that employment. Tr. 12.

At step two, the ALJ determined Mr. Holson has "severe" impairments of obesity, major depressive disorder and personality disorder. Tr. 13. At step three, the ALJ found that Mr. Holson's injuries did not satisfy the criteria under the Listing of Impairments.

At Step Four, the ALJ found that Mr. Holson is able to perform past relevant work as a fast food worker, kitchen helper (busser or dishwasher), janitor, parts runner, and short order cook. Tr. 17. The ALJ also found that Mr. Holson has the residual functional capacity to perform a full range of work at all exertional levels, with certain limitations. Tr. 15. Therefore Mr. Holson would fail to show a disability at Step Five. Based on the analysis, The ALJ determined that Mr.

Holson is not disabled under the Social Security Act. Tr. 17.

## V. Plaintiff's contentions

Mr. Holson contends the ALJ erred in determining Mr. Holson is not disabled. Specifically, Mr. Holson argues the ALJ:

1. Disregarded medical evidence, including the opinions of Mr. Holson's physicians, without justification;

2. Improperly discounted Mr. Holson's testimony;

3. Disregarded Mr. Holson's mother's testimony without adequate justification, and;

4. Failed to properly consider the vocational consultant's testimony.

CD 14, pp. 15-16.

## VI. Analysis

**Substantial gainful activity**

Mr. Holson[1] asserts at least three times that the ALJ found that Mr. Holson had not engaged in "substantial gainful activity" since his alleged disability onset date. CD 14, pp. 7, 14; CD 15, p. 1-2 (all citing Tr. 12). The assertion is patently false. The ALJ stated in bold letters that "**The claimant has engaged in substantial gainful activity** . . .," and that Mr. Holson "worked after the alleged

---

[1] The Court recognizes, of course, that Mr. Holson's attorney – not Mr. Holson himself – is responsible for the assertions.

disability onset date and this work did rise to the level of substantial gainful activity." Tr. 12 (emphasis in original). The ALJ found Mr. Holson worked 35 to 38 hours per work starting in July 2010, for a wage of $7.25 per hour, and earned more than the threshold amount for substantial gainful activity. Id.

The ALJ's finding at Step One of the sequential evaluation process that Mr. Holson was engaged in substantial gainful activity defeats Mr. Holson's claim. A claimant who engages in substantial gainful activity is not disabled. 20 C.F.R. § 404.1520. If a claimant is found to be "not disabled" at any step in the five-step process for determining disability, there is no need to consider subsequent steps. 20 C.F.R. § 404.1520; Tackett v. Apfel, 180 F.3d 1094 (9th Cir. 1999). The ALJ's decision to continue the sequential evaluation process beyond the first step is, therefore, gratuitous. Any error made in the later steps is harmless since the ALJ's finding at Step One – which Mr. Holson does not challenge – conclusively established that Mr. Holson was not disabled.

Regardless, the later mistakes alleged by Mr. Holson do not establish reversible error, as briefly described below:

**1.      The ALJ properly considered medical experts' opinions.**

Mr. Holson contends the ALJ's determination "rejects" the opinions of Mr. Holson's medical providers, particularly Drs. Mozer and Stivers. In fact, the ALJ

recounted both doctors' essential findings. Tr. 16. The ALJ stated that he considered those findings, and incorporated them into Mr. Holson's residual functional capacity in regard to judgment, interactions with coworkers and the public, and work pace. Tr. 16. Thus, the ALJ did not "reject" the medical providers' opinions.

    2.    **The ALJ gave adequate reasons for rejecting a portion of Mr. Holson's testimony.**

Mr. Holson argues the ALJ improperly determined that Mr. Holson's daily activities contradicted Mr. Holson's testimony about the extent of his limitations. Tr. 18. However, the ALJ determined that Mr. Holson's activity of working almost 40 hours per week was inconsistent with Mr. Holson's claimed inability to work. Tr. 17. This is a specific reason for rejecting some of Mr. Holson's testimony, and is supported by the record, as Mr. Holson does not dispute that he was working at the time of the hearing. See Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (claimant's continued work after alleged disability onset date was a clear and convincing reason to reject claimant's testimony.).

    3.    **The ALJ considered the testimony of Mr. Holson's mother.**

Mr. Holson argues the ALJ disregarded the lay testimony of Mr. Holson's mother, Teresa Phillips. The ALJ noted Ms. Phillip's testimony in his findings.

Tr. 15 ("The claimant's mother testified that he could not live alone, and that he needed to be reminded daily to brush his teeth and shower."). The ALJ's findings and determination of residual functional capacity do not appear to disregard or reject Ms. Phillip's testimony.

### 4. The ALJ relied on vocational expert testimony that considered all of Mr. Holson's credible limitations.

Mr. Holson argues the ALJ relied on testimony from the vocational expert based on a hypothetical that did not include all of Mr. Holson's limitations. CD 14, p. 29. Mr. Holson contends the ALJ should have relied on testimony based on a hypothetical in which the worker could not consistently work a full eight-hour day. Id.; TR 84. Such a worker would be incapable of substantial gainful activity. TR 85.

The ALJ is required to include those limitations supported by substantial evidence. Robbins v. Social Security Administration, 466 F.3d 880, 886 (9th Cir. 2006). The ALJ relied on testimony based on a hypothetical that included the limitations that the ALJ determined were credible. As discussed above, the ALJ's findings are supported by substantial evidence.

## VI. CONCLUSION

The ALJ determined Mr. Holson was engaged in substantial gainful activity

at the time of his hearing.  That finding, if correct, establishes that Mr. Holson was not disabled.  Mr. Holson does not challenge the finding.  Instead, Mr. Holson alleges other errors by the ALJ.  Mr. Holson has not shown that the ALJ erred.  Regardless, any error would be harmless since Step One established that Mr. Holson was not disabled.

**IT IS HEREBY RECOMMENDED:**

1. Plaintiff's Motion for Summary Judgment, C.D. 13, be DENIED.

2. The Commissioner's Motion for Summary Judgment, C.D. 19, be GRANTED.

3. This matter be dismissed pursuant to Federal Rule of Civil Procedure 58.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure

to timely file written objections may bar a de novo determination by the district judge.

DATED this 11th day of March, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge